UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRIE ADAMS, | ) | |
|    Plaintiff, | ) | No. 16-CV- |
| | ) | |
| v. | ) | Judge |
| | ) | |
| CITY OF CHICAGO, | ) | |
| JASON JANOPOULOUS #2675, | ) | Jury Demanded |
| DAVID SALGADO # 16347; | ) | |
| ROCCO PRUGER # 15445 | ) | |
| BRYAN COX # 19328 | ) | |
| ROBERTO RAMIREZ # 12261 | ) | |
|    Defendants. | ) | |

## **COMPLAINT**

NOW COMES the plaintiff Terrie Adams, by his attorneys, Mark F. Smolens, Richard R. Mottweiler, and Nicole Barkowski, Mottweiler & Smolens, LLP, and as his complaint against the defendants, states the following:

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions on July 22, 2015 which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## **Jurisdiction and Venue**

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343. Venue in this District is predicated upon Title 28

1

U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

3. At all times material hereto the plaintiff, Terrie Adams, was a resident of the City of Chicago, County of Cook, State of Illinois, in this District.

4. At all times material hereto the individually named defendants, Jason Janopoulos #2675, David Salgado #16347, Bryan Cox # 19328, Rocco Pruger # 15445, and Roberto Ramirez # 12261, (hereinafter "defendants"), were sworn law enforcement officers employed by the City of Chicago. At all times material hereto said defendants were acting under color of state law and within the scope of their employment with the City of Chicago.

5. The City of Chicago is a municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the City of Chicago was the employer of the individually named defendants. As a result, said officers are entitled to indemnification from the City of Chicago for any judgment entered against them for compensatory damages.

6. Plaintiff sues all defendant police officers in their individual capacities.

## Common Allegations

7. On July 22, 2015 defendants were working in concert with one or more officers from the Village of Wilmette Police Department and an Illinois Department of Corrections parole officer -- who were investigating an

2

individual by the name of Tommie Clay, who had allegedly stolen a firearm from a home in Wilmette, Illinois.

8. As part of that investigation, Tommie Clay had a conversation with his Illinois Department of Corrections parole agent and a Wilmette police detective, during which he apparently admitted having stolen a handgun from a residence in Wilmette, Illinois, and burying that handgun in the area of 225 S. Kilpatrick, Chicago, Illinois.

9. After Mr. Clay admitted having stolen the weapon, the law enforcement officials told Tommie Clay to have a friend drop the gun in an alley for the Chicago police to recover.

10. Subsequently, Tommie Clay repeatedly telephoned plaintiff Terrie Adams in an attempt to have Mr. Adams assist him in getting out from under his issues with the Wilmette Police Department and his parole officer.

11. Clay's telephone calls to plaintiff Adams took place at the behest of, and in the presence of, his parole officer and a Wilmette police detective.

12. When Tommie Clay was finally able to reach the plaintiff, Clay was able to convince Terrie Adams to recover the gun from the location that he (Clay) had buried it, and to put the gun which Tommie Clay had stolen in a bag and drop it in dumpster -- all of which was in order to aid the investigation and retrieval of the gun by the proper authorities.

3

13. On July 22, 2015, the Wilmette Police Detective and the Illinois Department of Corrections parole officer notified defendant Chicago police officers that plaintiff Terrie Adams would be in the vicinity of 225 South Kilpatrick, Chicago, Illinois aiding law enforcement in the investigation and retrieval of the gun.

14. As a result of having been advised of what Mr. Adams had been asked to do, defendant officers were in the area when plaintiff Terrie Adams dug up the handgun in question.

15. Several of said defendant officers then approached plaintiff Terrie Adams, with guns drawn, at which time plaintiff panicked, dropped the bag containing a handgun that he had dug up, and ran into his residence.

16. Despite their knowledge that plaintiff's role in the recovery of the gun in question had nothing whatsoever to do with his knowing and unlawful possession of a firearm, on July 22, 2015, in the vicinity of 225 South Kilpatrick, the defendant officers kicked in the door to his residence and arrested and detained plaintiff Terrie Adams, and thereafter attempted to coerce him into assisting the defendant Chicago officers in finding other guns.

17. Said defendant officers then created a false story in the reports accompanying the arrest about the manner in which Mr. Adams was arrested and the reasons there for, full knowing that Mr. Adams was not involved in

4

either the original theft of the gun from the residence in Wilmette or in its knowingly unlawful possession.

18. Because plaintiff did not have knowledge of any other guns, defendant Chicago police officers obtained approval for criminal charges against him for unlawful possession of a weapon, despite the fact that they knew that Terrie Adams was simply assisting the Wilmette investigation, and had nothing whatsoever to do with stealing the gun.

19. Plaintiff Terrie Adams was unable to make bond, and remained incarcerated at the Cook County Jail until his trial.

20. On June 27, 2016, the underlying criminal trial was held, and plaintiff was found not guilty of all charges against him.

21. By reason of the above described acts of defendants, plaintiff has suffered economic injuries, physical injuries, humiliation, and indignities, and great mental and emotional pain and suffering, all to his damage.

22. The misconduct alleged above was objectively unreasonable and was undertaken intentionally with willful indifference and callous disregard to plaintiff's rights.

23. The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. By reason of the above-described acts and omissions of the defendants, plaintiff was required to retain an attorney to institute,

prosecute and render legal assistance in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### Count I -- Section 1983 False Arrest
### Individually Named Defendants

25. Plaintiff re-alleges and incorporates paragraphs one through twenty-four, above, as if fully restated here as this paragraph twenty-five.

26. As described above, defendants and each of them conspired among themselves to falsely arrest and detain plaintiff, and deprive him of his liberty without probable cause in violation of his rights under the Fourth Amendment and Fourteenth Amendment to the Constitution.

27. As described above, defendants violated plaintiff's rights when they caused plaintiff's arrest and charged him with unlawful possession of a weapon, even though they knew or should have known, that Terrie Adams was simply assisting the Wilmette police detective's investigation, and made that arrest in retaliation for plaintiff's failure/inability to assist the Chicago Police Department.

28. The misconduct described in this complaint was taken with malice, willfulness, and reckless disregard for the rights of plaintiff.

29. As a result of defendants' action or omissions, plaintiff suffered injury and severe emotional damages.

WHEREFORE, plaintiff respectfully request that judgment be entered in his favor, and that damages, both compensatory and punitive, be awarded in an amount to be determined by the jury. In addition, plaintiff requests an award pursuant to the provisions of Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.

## Count II -- State Law Abuse of Process Claim
## All Defendants

30. The plaintiff adopts and incorporates paragraphs one through twenty-nine, above, as and for the allegations of this paragraph thirty.

31. As described above, the defendant officers arrested the plaintiff without lawful justification, fully knowing that plaintiff lacked the requisite criminal intent necessary for charges to be filed, and treated plaintiff in the manner in which he was treated not because the plaintiff was or had been violating the law, but in order to punish the plaintiff and as retaliation.

32. The misconduct was undertaken by the defendant officers within the course and scope of their employment as City of Chicago police officers, was objectively unreasonable, took place with malice, and was willful and wanton.

33. Defendant City of Chicago is liable as principal for all torts committed by its agents.

34. As a direct and proximate result of the acts of the defendant officers, employees of the City of Chicago, plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the plaintiff, Terrie Adams, prays for judgment on this Count II in his favor and against all of the defendants, awarding compensatory damages, punitive damages against the individual defendants, costs, as well as any other relief this Court deems just and appropriate.

### Count III -- State Law Malicious Prosecution Claim
### All Defendants

35. The plaintiff adopts and incorporates paragraphs one through thirty-four, above, as and for the allegations of this paragraph thirty-five.

36. The defendant officers filed charges alleging that plaintiff had violated the laws of the State of Illinois, thereby commencing a criminal proceeding against the plaintiff.

37. The defendant officers did so without probable cause.

38. The misconduct was undertaken by the defendant officers within the course and scope of their employment as City of Chicago police officers, was

objectively unreasonable, took place with malice, and was willful and wanton.

39. The underlying criminal charges were ultimately and finally resolved in plaintiff's favor.

WHEREFORE, the plaintiff, Terrie Adams, prays for judgment on this Count III in his favor and against all of the defendants, awarding compensatory damages, punitive damages against the individual defendants, costs, as well as any other relief this Court deems just and appropriate.

                        /s/ Mark F. Smolens
                        One of the attorneys for Plaintiff

MARK F. SMOLENS  #6190482
RICHARD R. MOTTWEILER #3123509
NICOLE BARKOWSKI #6295834
MOTTWEILER & AMOLENS, LLP
1627 Colonial Parkway
Inverness, IL 60067
773-580-4982 MFS
312-259-0234 RRM
978-758-8591
ryansmolensjones@hotmail.com
tcblaw@aol.com
nbarkowski@gmail.com