IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRIE ADAMS, ) | |
| ) | Case No. 2017-CV-00446 |
| Plaintiff, ) | |
| ) | Honorable John Z. Lee |
| vs. ) | |
| ) | |
| CITY OF CHICAGO, ) | |
| JASON JANOPOULOS #2675, ) | |
| DAVID SALGADO #16347, ) | |
| ROCCO PRUGER #15445, ) | |
| BRYAN COX #19328, ) | |
| ROBERTO RAMIREZ #12261 ) | |
| corporation, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendants CITY OF CHICAGO (hereinafter "CITY"), JASON JANOPOULOS #2675, DAVID SALGADO #16347, ROCCO PRUGER #15445, BRYAN COX #19328, and ROBERTO RAMIREZ #12261 by and through their attorneys, Johnson & Bell, Ltd., move this Honorable Court to enforce the settlement agreement reached by Plaintiff and all Defendants on March 9, 2018. In support thereof, Defendants state the following:

1. On January 20, 2017, Plaintiff filed a Complaint against Defendants, alleging three individual counts of False Arrest, State Law Abuse of Process, and State Law Malicious Prosecution. (Dkt. 1). The Complaint arose from alleged misconduct that occurred on July 22, 2015. (Dkt. 1).

2. Between January 20, 2017 and March 9, 2018, discovery requests and responses were exchanged by the parties to this case. Some depositions were also taken during this time period.

3. Also during this time period, specifically on February 17, 2017, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 17-04691. (*In RE: Terrie Adams*, No. 17-04691 (N.D. Ill. Bankr. 2017).

4. Plaintiff failed to disclose this pending civil rights lawsuit as a potential asset during those bankruptcy proceedings, despite the fact that he filed for bankruptcy while he was also actively prosecuting this case. As a result, the defendants here filed a motion for summary judgment. (Dkt. 26, 27, 28).

5. Shortly after the motion for summary judgment was filed, the parties began discussing settlement. On February 8, 2018, counsel for the defendants made an offer of $20,000 to counsel for plaintiff for a full and final release of all claims in this matter. (See Exhibit A, defense counsel's 2/8/18 email).

6. That settlement offer remained open so that the plaintiff could re-open the aforementioned bankruptcy proceedings to finally disclose the underlying civil rights claim. On March 8, 2018, plaintiff's counsel emailed defense counsel, explaining the status of the bankruptcy proceedings and indicating that the plaintiff would sign the "City's release documents," thereby agreeing to settle the case for $20,000. (See Exhibit B, Plaintiff's counsel's 3/8/18 email).

7. In response to the email at Exhibit B, defense counsel asked plaintiff's counsel to confirm that the case was settled for $20,000. (See Exhibit C, defense counsel's 3/9/18 email). On the same day, Plaintiff's counsel responded and said, "You are correct, $20,000 payable to Terrie Adams and Mottweiler & Smolens, LLP…" (See Exhibit D, plaintiff's counsel's 3/9/18 email).

8. On March 14, 2018, at Plaintiff's counsel's request, defense counsel forwarded to plaintiff's counsel a settlement release, a stipulation to dismiss, and an agreed order of dismissal so that they could be signed by the plaintiff. (See Exhibit E, defense counsel's 3/14/18 email).

9. On March 15, 2018, the Bankruptcy Court approved the settlement of this matter for $20,000. (See Exhibit F, March 15, 2018 Order Approving Settlement in 17 – 04691, *In Re: Terrie Adams*). This order explicitly set out the total amount of the settlement ($20,000), the amount to be paid to plaintiff's counsel, the amount to be paid to the plaintiff himself, and the amount to be paid to the trustee. (Exhibit F). Also on March 15, 2018, Plaintiff's attorney filed a Motion to Withdraw (attached hereto as Exhibit G), indicating, *inter alia*, that Plaintiff was "originally on board with the potential resolution," but "now believes he is entitled to more money, and is refusing to sign the settlement documents." (Exhibit G, ¶ 4).

10. It is well settled that, "Voluntary resolution of litigation, through settlement, is favored by the courts. A settlement agreement is a contract which cannot be unilaterally repudiated by any of the parties. The interpretation of a settlement agreement is controlled by state law governing contracts generally." *Herron v. Chicago*, 618 F. Supp. 1405, 1409 (N.D. Ill. 1985) *citing Victory Beauty Supply Co. v. Lus-ter-oil Beauty Products Co.*, 562 F. Supp. 786, 789 (N.D. Ill. 1983); *Reichelt v. Urban Investment and Development Co.*, 611 F. Supp. 952 (N.D. Ill. 1985); *Debose v. Mueller*, 552 F. Supp. 307, 308 (N.D. Ill. 1982); *Air Line Stewards & Stewardess Ass'n Local 550 v. American Airlines Inc.*, 763 F.2d 875, 877 (7th Cir. 1985).

11. A motion to enforce a settlement agreement is essentially the same as a motion to enforce a contract and is governed by the principles of state contract law. *Herron,* 618 F. Supp. at 1409; *K4 Enters. v. Grater, Inc.,* 394 Ill. App. 3d 307, 313 (1st Dist. 2009). For a contract to be enforceable, the material terms of the contract must be definite and certain. *Midland Hotel*

3

*Corp. v. Reuben H. Donnelley Corp.*, 118 Ill. 2d 306, 314 (1987). Under Illinois law, a contract "is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions thereof, under proper rules of construction and applicable principle of equity, to ascertain what the parties have agreed to do." *Id.* Accordingly, even oral settlement agreements may be enforced so long as there is "an offer, an acceptance, and a meeting of the minds regarding the terms of the agreement." *Id.* It is also well established that an attorney's actions are imputed to his client. *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986).

12. In the instant case, an offer, an acceptance and a meeting of the minds is present, as evidenced by the emails between counsel for both parties, and the Bankruptcy Court order clearly indicating the settlement amount and the amounts to be paid to the plaintiff and to Plaintiff's counsel. (Exhibits A – F). Clearly, there was a meeting of the minds to settle this matter for the amounts discussed, inclusive of fees and costs, which would be followed by Plaintiff's release of all claims and dismissal with prejudice of the lawsuit. Based upon Plaintiff's counsel's representations and communications, Defendants respectfully requests that the agreed upon settlement be enforced, and that this case be settled for $20,000, inclusive of fees and costs, as agreed upon by the parties and the Bankruptcy Court.

Defendants, respectfully request that this Honorable Court enter an order enforcing the settlement described above, and for any other relief this Court deems proper.

        Respectfully submitted,

        JOHNSON & BELL, LTD.

    By:   /s/ *Brian P. Gainer*
           One of the attorneys for Defendants

Brian P. Gainer (gainerb@jbltd.com)
Monica Gutowski (gutowskim@jbltd.com)
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
Tel: (312) 372-0770
Fax: (312) 372-9818

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2018, I electronically filed the foregoing **Motion to Enforce Settlement Agreement** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system and that a copy of said pleading was on the same date to be served upon all counsel of record by the same CM/ECF system.

A hard copy of this motion has also been mailed to plaintiff, Terrie Adams, at 4118 West Washington Street, Chicago, IL 60624, by US Postal Service First Class Mail, and US Postal Service Certified Return Receipt, Article No. 9414 7266 9904 2067 7312 50, on March 22, 2018, before the hour of 5:00 p.m., from the mail receptacle located at 33 West Monroe Street, Suite 2700, Chicago, IL 60603.

/s/ *Brian P. Gainer*